ACKERMANN & TILAJEF, P.C.
CRAIG ACKERMANN, SBN 229832
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
Tel: 310.277.0614
Fax: 310.277.0635
cja@laborgators.com

MICHAEL MALK, ESQ., APC
MICHAEL MALK, ESQ., SBN 222366
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
Tel: 310.203.0016
Fax: 310.499.5210
mm@malklawfirm.com

Attorneys for Plaintiff
JORGE MONTERRUBIO

MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN, SBN 096129
STEPHEN L. TAEUSCH, SBN 247708
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
staeusch@morganlewis.com

Attorneys for Defendants
BEST BUY STORES, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MONTERRUBIO, individually and on behalf of similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY STORES, L.P.., a Virginia Limited Partnership, and DOES 1 through 100,<br><br>Defendants. | Case No. 2:11-CV-03270-MCE-CKD<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. Morrison C. England, Jr.<br>Date:  TBD<br>Time:  TBD<br>Room: 7, 14th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATUS REPORT [26(F) REPORT]
CASE NO.  2:11-CV-03270-MCE-CKD

DB2/ 22951842.1

Pursuant to the Court's Order Requiring Joint Status Report, Plaintiff Jorge Monterrubio ("Plaintiff") and Defendant Best Buy Stores, L.P.. ("Defendant") (together referred to herein as the "Parties"), by and through their respective counsel of record, hereby file their Joint Status Report as follows:

### a) Brief Summary of the Claims

Plaintiff alleges two causes of action: (1) failure to reimburse for expenses in violation of California Labor Code section 2802 and (2) unfair/unlawful business practices in violation of California Business & Professions Code section 17200 et seq.  Plaintiff seeks to bring his claims as a class action against Defendant on behalf of "all current and former supervisors, managers, and all similarly titled employees for Defendants, who were based in the State of California, from October 31, 2007 through the conclusion of this action."  Plaintiff alleges that he and the putative class members incurred unreimbursed mileage expenses when they used their personal vehicles to perform Inter-Store Inventory Transfers and to procure office supplies.  Defendant denies all liability as to Plaintiff's claims and further denies that Plaintiff is entitled to any of the relief sought.  Defendant also denies that Plaintiff's claims may be maintained as a class action.

### b) Status of Service of Process

On or about October 31, 2011, Plaintiff instituted this civil action in the Superior Court of the State of California, Solano County against Defendant.  Defendant was served by personal delivery on or about November 9, 2011.

### c) Possible Joinder of Additional Parties

Plaintiff anticipates the possibility of adding additional class representatives to this action, but does not anticipate adding any additional defendants.   There are currently no outstanding deadlines for joinder of parties.  The parties propose that the Court set a deadline of March 6, 2012 for Plaintiff to file a stipulation and/or motion seeking leave to amend the complaint to add any additional class representatives. .

### d) Contemplated Amendments to the Pleadings

Other than the addition of additional class representatives and the possibility that the Complaint may be modified to reflect the fact that this case is now in federal court and governed

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JOINT STATUS REPORT [26(F) REPORT]
CASE NO.  2:11-CV-03270-MCE-CKD

DB2/ 22951842.1

by the federal rules, like Rule 23, as opposed to the state court rules, e.g., CCP 382, the Parties do not anticipate amending the pleadings.  Should either Party seek to amend a pleading, the Parties will meet and confer regarding a possible stipulation and, if not agreed, the appropriate application to the Court will be made.

  **e)**  **Statutory Basis For Jurisdiction and Venue**

The Parties agree that this Court has subject matter jurisdiction over all of Plaintiff's claims based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  The Parties further agree that venue is proper in this District, pursuant to 28 U.S.C. § 1441(a), because this District encompasses the California county in which this action was pending.

  **f)**  **Anticipated discovery and the scheduling of discovery, including:**

  1) <u>what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;</u>

No changes to the timing, form, or requirements of Rule 26(a) are necessary, except that the parties agree that Rule 26(a) disclosures have been exchanged by January 27, 2012. Pursuant to Federal Rule of Civil Procedure 26(f), the Parties met and conferred through their respective counsel via conference call on Friday, January 5, 2012 to discuss the joint status report.  Present were Craig Ackermann and Michael Malk for Plaintiff; and Rebecca Eisen and Stephen Taeusch of Morgan, Lewis & Bockius LLP for Defendant.  Defendant submitted its initial disclosures on January 19, 2012.  Plaintiff submitted his initial disclosures on January 27, 2012.

  2) <u>the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;</u>

  a) *Plaintiff's Position*

Plaintiff believes discovery should initially be conducted into the following topics: 1) the size of the class; 2) the identity and contact information of the members of the class; 3) the types of electronic and paper records that exist regarding inter-store transfers of products by class members; 4) Defendant's policies and procedures regarding inter-store transfers of products; 5) whether Defendant knew or should have known that class members were making inter-store

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 22951842.1

2

JOINT STATUS REPORT [26(F) REPORT]
CASE NO.  2:11-CV-03270-MCE-CKD

1  transfers using their personal vehicles; 6) a statistically relevant and randomized sampling of
2  documents and/or electronic records relating to the inter-store transfers by class members; 7)
3  Defendant's policies and procedures for employees to request reimbursement of business-related
4  expenses; 8) whether Defendant has ever paid reimbursements to class members for gas mileage
5  incurred in their making inter-store transfers of products; 9) whether Defendant violated
6  California law as alleged; 10) whether this action can and should be maintained as a class action;
7  and 11) whether Defendant's defenses have any factual or legal merit.  Obtaining class contact
8  information and interviewing and/or deposing various class members will be necessary to prepare
9  for class certification briefing.  Plaintiff will likely also need to take the deposition of Defendant
10 pursuant to Rule 30(b)(6) regarding the foregoing.  The parties will also need to depose some or
11 all of one another's declarants whose declarations will be offered in support of, or in opposition
12 to, Plaintiff's motion for class certification.

13       Although discovery should initially focus on issues related to class certification, Plaintiff
14 also believes that class certification issues are inextricably intertwined with merits issues.  As an
15 example, whether Defendant's failure to reimburse Plaintiff for mileage expenses associated with
16 inter-store transfers was part of a broader policy, practice or phenomenon of Defendant failing to
17 reimburse class members as a whole for their mileage expenses incurred in inter-store transfers
18 requires an examination of the relevant documents and electronic records for Plaintiff and the
19 class related to these transfers (or a statistically relevant subset thereof).  Whether Defendant
20 knew or should have known on a class-wide basis that Plaintiff and the class members were
21 incurring mileage expenses associated with inter-store transfers similarly requires an examination
22 of Defendant's documents and electronic records for Plaintiff and the class members (or a
23 statistically relevant subset thereof).  In the event the Court grants a motion by Plaintiff for class
24 certification, the Parties should thereafter conduct additional and more robust class discovery
25 needed to prepare for trial (beyond the initial sampling of discovery).

26       b)    *Defendant's Position*

27       Defendant contends that discovery will be needed on subjects including (a) whether
28 Defendant violated California law as alleged, (b) whether this action can and should be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JOINT STATUS REPORT [26(F) REPORT]
CASE NO.  2:11-CV-03270-MCE-CKD

DB2/ 22951842.1

1  maintained as a class action, and (c) whether any defenses asserted by Defendant reduce or
2  preclude any of the alleged liability in whole or in part.
3        Defendant proposes that discovery should be conducted in phases. The initial phase of
4  discovery should be limited to the merits of Plaintiff's individual claims and the propriety of class
5  certification. Defendant disagrees that classwide or sampling discovery is appropriate prior to
6  class certification. In the event the Court grants a motion by Plaintiff for class certification, the
7  Parties should thereafter conduct any additional classwide discovery needed to prepare for trial
8      3) <u>what changes, if any, should be made in the limitations on discovery imposed</u>
9  <u>under the Civil Rules and what other limitations, if any, should be imposed;</u>
10        The Parties agree that the discovery limits of the Federal Rules of Civil Procedure should
11  be modified to allow the parties to each propound 35 Interrogatories. The Parties propose that, in
12  the event either party files declarations of more than 10 putative class members in support of or in
13  opposition to Plaintiff's Motion for Class Certification, then the opposing party will have the
14  right to depose those declarants, even if the total number of depositions taken by that party
15  exceeds 10 depositions and, in this specific respect, the limit on the number of depositions set
16  forth in Rule 30(a)(2)(A) shall not apply. The Parties also agree to meet and confer in good faith
17  to the extent that either party expresses a need for any further expansion of deposition discovery.
18      4) <u>the timing of the disclosure of expert witnesses and information required by Rule</u>
19  <u>26(a)(2); and</u>
20        No changes to the timing requirements of Rule 26(a)(2)(D) are necessary.
21      5) <u>proposed dates for discovery cut-off</u>.
22        The Parties submit that proposing a date for discovery cut-off is premature until after the
23  hearing on Plaintiff's motion for class certification. The Court's ruling on the certification issue
24  will largely determine the length of time necessary to bring the case to trial. The Parties propose
25  that, following a ruling on certification, the Parties will submit a revised discovery plan which
26  shall include a proposed date for discovery cut-off.
27      **g)**   **Proposed Date By Which All Non-Discovery Motions Shall Be Filed:**
28      a)   *Motions for Summary Judgment*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT STATUS REPORT [26(F) REPORT]
CASE NO. 2:11-CV-03270-MCE-CKD

DB2/ 22951842.1

1  Defendant anticipates filing a motion for summary judgment or, in the alternative,
2  summary adjudication of issues pursuant to Federal Rule of Civil Procedure 56 as to Plaintiff's
3  claims after discovery has been conducted.  Plaintiff also intends to file a motion for summary
4  adjudication as to some of Defendant's defenses; namely, Defendant's defense based on "waiver"
5  and/or class members' alleged failure to comply with Defendant's reimbursement procedures, i.e.
6  what Plaintiff will refer to as Defendant's "exhaustion defense."

      b)    *Motion for Class Certification*

Plaintiff intends to move for a determination of class certification under Federal Rule of Civil Procedure 23.  The Parties propose October 31, 2012 as the deadline for the filing of any motion for class certification, and that the motion be set for hearing in January 2013.  The Parties also propose that the deadline for Defendant to file its opposition be 45 days after Plaintiff's motion is filed, and the deadline for Plaintiff's reply be 30 days after the date the opposition is filed.

      **h)**    **Proposed Dates for Final Pretrial Conference and Trial:**

The Parties agree that any trial-related dates should be scheduled after the Court has made a determination regarding class certification.

      **i)**    **Estimate of Trial Time**

Plaintiff has demanded a jury.  The Parties believe that an estimate of trial time cannot reasonably be made until after resolution of any class certification motion and/or Defendant's dispositive motion(s).

      **j)**    **Appropriateness of Special Procedures**

The Parties do not consent to the assignment of a magistrate judge for all purposes.  The Parties also agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

      **k)**    **Modification of Standard Pretrial Procedures**

None requested at this time.

      **l)**    **Related Cases**

The Parties are not aware of any related cases on file in this district.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 22951842.1

5

JOINT STATUS REPORT [26(F) REPORT]
CASE NO.  2:11-CV-03270-MCE-CKD

**m)** **Settlement**

No settlement discussions have occurred.  The Parties believe that the scheduling of a settlement conference would be premature at this time.  Plaintiff believes that private mediation should be scheduled after the parties have completed their initial class certification related discovery and have fully briefed the issue of class certification, but before the Court rules on Plaintiff's motion for class certification.  Defendant does not agree with Plaintiff's proposed timing of a private mediation.

**n)** **Any Other Matters**

None at this time.

Dated:  February 6, 2012         Respectfully Submitted,

ACKERMANN & TILAJEF, P.C.

By   /s/ Craig Ackerman (as authorized on February 3, 2012)
Craig Ackermann
Attorneys for Plaintiff
JORGE MONTERRUBIO

Dated:  February 6, 2012         Respectfully Submitted,

MORGAN, LEWIS & BOCKIUS LLP

By   /s/ Stephen L. Taeusch
Rebecca Eisen
Stephen Taeusch
Attorneys for Defendant
BEST BUY STORES, L.P.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 22951842.1

6

JOINT STATUS REPORT [26(F) REPORT]
CASE NO.  2:11-CV-03270-MCE-CKD