ACKERMANN & TILAJEF, P.C.
CRAIG ACKERMANN, SBN 229832
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
Tel:  310.277.0614
Fax: 310.277.0635
cja@laborgators.com

MICHAEL MALK, ESQ., APC
MICHAEL MALK, ESQ., SBN 222366
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
Tel:  310.203.0016
Fax: 310.499.5210
mm@malklawfirm.com

Attorneys for Plaintiff
JORGE MONTERRUBIO


MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN, SBN 096129
STEPHEN L. TAEUSCH, SBN 247708
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
staeusch@morganlewis.com

Attorneys for Defendant
BEST BUY STORES, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MONTERRUBIO, individually and on behalf of similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY STORES, L.P.., a Virginia Limited Partnership, and DOES 1 through 100,<br><br>Defendants. | Case No. 2:11-CV-03270-MCE-CKD<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 2:11-CV-03270-MCE-CKD
STIPULATED CONFIDENTIALITY ORDER

DB2/ 23068003.1

1    IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff JORGE
2    MONTERRUBIO ("Plaintiff") and DEFENDANT BEST BUY STORES, L.P. ("Defendant"),
3    and by and between their undersigned counsel, that the following provisions shall govern claims
4    of confidentiality in these proceedings:

   a. Review of confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

   b. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

   c. Discovery material containing trade secrets, proprietary business, financial, or commercial information, or personal or personnel information, or any extracts of summaries thereof, may be designated as confidential, provided such documents have not previously been publicly filed with any federal or state court or regulatory authority. Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word confidential on each page.

   d. If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the court or special master. Such application shall only be granted for reasons shown and for extraordinary grounds.

   e. Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation. Other than the attorneys, persons to whom confidential materials are to be shown shall execute an agreement to maintain such confidentiality, the form of which is set forth upon the attached Exhibit "A."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23068003.1

2

CASE NO. 2:11-CV-03270-MCE-CKD
STIPULATED CONFIDENTIALITY ORDER

f.  If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the court or special master for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

g.  At the time of deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

h.  In any application to the court or special master referred to or permitted by this order, the court or special master may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

i.  After the final termination of this action, upon request of a party, all persons subject to this Order shall destroy all confidential material produced by that party (and all documents containing information referring to or derived therefrom), including all copies thereof, or return all such information to counsel for that party. If a party chooses to destroy the confidential material, then, at that time, counsel for that party shall certify to counsel for the opposing party that all such documents or materials have been destroyed. Such certification shall be made within 60 days of the producing party's request.

///

///

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 2:11-CV-03270-MCE-CKD
STIPULATED CONFIDENTIALITY ORDER

DB2/ 23068003.1

j.  Nothing in this Order shall prejudice Defendant's right to make any use of, or disclose to any person, any material it has designated as confidential, during the course of its normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any confidential material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   March _____, 2012          MORGAN, LEWIS & BOCKIUS LLP

By: _____
    Rebecca D. Eisen
    Stephen L. Taeusch
    Attorneys for Defendant
    BEST BUY STORES, L.P.

DATED:   March ____, 2012             ACKERMANN & TILAJEF, P.C.
                                      MICHAEL MALK, ESQ., APC

_____
    Craig Ackermann
    Michael Malk
    Attorneys for Plaintiff
    JORGE MONTERRUBIO

### **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 9, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4   CASE NO. 2:11-CV-03270-MCE-CKD
STIPULATED CONFIDENTIALITY ORDER

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23068003.1

# **EXHIBIT A**

I, _____, certify that I have read the Confidentiality Order dated _____, 2012, entered by the by the United States District Court for the Eastern District of California in the matter of *Monterrubio v. Best Buy Stores, L.P.*, Case No. 2:11-CV-03270-MCE-CKD.  I further certify that I fully understand the procedural and substantive requirements of that Confidentiality Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Order.

Date:_____

City and State where sworn and signed:_____

Printed name:    _____
            [printed name]

Signature:    _____
            [signature]

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 23068003.1

5

CASE NO. 2:11-CV-03270-MCE-CKD
STIPULATED CONFIDENTIALITY ORDER